GREGORY *et al. v.* WILLIAMS.

(In Banc. May 10, 1948.)

[35 So. (2d) 448. No. 36671.]

May 10, 1948. Suggestion of Error Overruled June 14, 1948.)

[35 So. (2d) 451. No. 36671.]

Harold Cox, of Jackson, for appellants.

**Alexander, Alexander & Chill,** of Jackson, for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court on motion.

In February 1945 the Southeastern Construction Company, a partnership composed of J. T. Williams and B. F. Williams, brought an action against James A. Gregory and W. J. Runyon, partners under the firm name of Mid-South Paving Company, and Trinidad Asphalt Manufacturing Company, a corporation.

In February 1947 an action pending in the Chancery Court was removed to the Circuit Court of Hinds County, the court below, and the declaration there filed recited that:

"The plaintiff, Mrs. Starlight B. Williams, is the sole survivor of the partnership of J. T. Williams & Company, which was formerly composed of J. T. Williams and Mrs. Starlight B. Williams and, as sole heir of J. T. Williams deceased, the said plaintiff, Mrs. Starlight B. Williams became and is the owner of all the assets of the said J. T. Williams & Company.

"The defendants herein are Mid-South Paving Company, a partnership composed of James A. Gregory, James A. Gregory, Jr., and Clay Gregory, who are residents of the State of Arkansas, and W. J. Runyon, a resident citizen of Jackson, Mississippi, and Trinidad

Asphalt Manufacturing Company, a Missouri Corporation domiciled at St. Louis, Missouri, and licensed to do business in the State of Mississippi.''

The first of these actions was Number 11549 on the docket of the court below and the number of the second was 11906 and they will be so referred to hereafter.

The relief sought in 11549 was a recovery of rent on one galion 8-12 ton variable weight tandem roller (a road-making machine) under a contract with the plaintiffs for the rental thereof.

The relief sought in 11906 was recovery of rent on several pieces of road machinery under a contract with the plaintiffs for the rental thereof.

After pleas had been filed to each of these declarations, the following motion was made in Case No. 11549 by B. F. Williams, one of the plaintiffs therein:

''Comes plaintiff, B. F. Williams, one of the partners operating the firm of Southeastern Construction Company, plaintiffs herein, and suggest to the court that since the filing of said suit, J. T. Williams, the remaining partner, has died and that his sole heir at law is his widow, Mrs. Starlight B. Williams, resident of Elba, Alabama.

''Plaintiff, by attorneys, therefore moves the Court that this suit may be revived in the name of Mrs. Starlight B. Williams, surviving partner, in place and stead of J. T. Williams, deceased, and that the cause proceed in the name of Southeastern Construction Company, a partnership composed of Mrs. Starlight B. Williams and B. F. Williams.''

The record discloses no order on this motion, but thereafter the following order was made under the names and numbers of the two cases:

''This cause this day coming on to be heard on motion ore tenus to consolidate the above styled and numbered causes on the docket of this court, and all parties agreeing thereto, it is now therefore so ordered and adjudged by the Court that the above styled and numbered causes

462

be and they are hereby consolidated *for trial,* as in such cases provided by law.'' (Italics supplied.)

The case then proceeded to trial,. resulting in a judgment under the names and numbers of both cases, reciting that:

''The said cause having been submitted to the said jury on the pleadings, evidence submitted, instructions from the Court and arguments of counsel, and the jury having retired to consider their verdict, presently returned into open court their verdict, as follows:

'' 'We, the jury, find for the defendants that under the evidence in this case the plaintiff is not entitled to recover any rent for the 8 to 12 ton tandem roller.

'' 'We, the jury, find for the plaintiff in the amount of $496.79 freight.

'' 'We, the jury, find for the defendant in the matter of the steam generator.

'' 'We, the jury, find for the plaintiff in the amount of $150 for the repair of the diesel unit.

'' 'We, the jury, find for the plaintiff in the amount of $75.00 for the fuel pump.'

''Wherefore, it is hereby ordered and adjudged that the plaintiff, Southeastern Construction Company, take nothing by its Suit No. 11549 against the defendants, as above set out, and the same is dismissed with prejudice at the cost of plaintiffs.

''That the plaintiff, Mrs. Starlight B. Williams, in said Cause No. 11906, above styled, do have and recover from the defendants James A. Gregory, James A. Gregory, Jr., Clay Gregory and W. J. Runyon and Mid-south Paving Company, a partnership composed of the parties just named, and Trinidad Asphalt Manufacturing Company, a Missouri. Corporation domiciled at St. Louis, Missouri, and licensed to do business in the state .of Mississippi, jointly and severally for the total sum of $721.79, together with all costs of this suit, for which execution issue.''

: The record also discloses another judgment in Cause No. 11549 setting forth the following jury verdict: ''We,

the jury, find for the defendants in this separate case for the item of rent on the 10 to 12 ton tandem roller," and adjudging "that the plaintiff J. T. Williams and B. F. Williams, trading as Southeastern Construction Company and Mrs. Starlight B. Williams do have and recover nothing of and from the defendants, James A. Gregory and W. J. Runyon, trading as Mid-South Paving Company, and Trinidad Asphalt Manufacturing Company for rent sued for on the 10-12 ton tandem roller," etc.

A bond for an appeal to this Court was thereafter filed in Case No. 11906 by "James A. Gregory and W. J. Runyon, trading as Mid-South Paving Company," payable to Mrs. Starlight B. Williams reciting that: "The condition of the foregoing obligation is that at the regular May, 1947 term, a judgment was entered on the Circuit Court of the First Judicial District of Hinds County, Mississippi, in favor of Mrs. Starlight B. Williams, as plaintiff, against James A. Gregory and W. J. Runyon, trading as Mid-South Paving Company, as defendants, in the sum of seven hundred twenty-one dollars ($721) and costs; and said defendants, feeling aggrieved thereby, have prayed and obtained an appeal from said judgement with supersedeas to the Supreme Court of the State of Mississippi."

On January 19, 1948, Gregory and Runyon, trading as Mid-South Paving Company filed an assignment of errors in this Court, together with a brief thereon. On January 31, 1948, Mrs. Starlight B. Williams filed a cross-assignment of errors complaining of the denial of the court below of a recovery by her on the tandem roller item involved in Case No. 11549.

Counsel for Gregory and Runyon filed a motion to dismiss this cross assignment of errors, and also to strike from the record the evidence therein relating only to Cause No. 11549, the tandem roller item.

These two cases are not between the same parties, the facts in each and the subject matters thereof are different, and assuming, but merely for the purpose of the ar-

gument, that the Court could have so consolidated them on an agreement of counsel so to do as to cause them to be combined and merged into one so as to lose their separate identity, the order of consolidation did not so provide for it expressly recites "that they are hereby consolidated for trial." The record discloses also that the cases were carried through the trial by, and judgments rendered therein were under, their separate docket numbers. The appeal bond herein was filed only by the losing parties in Cause No. 11906, and no bond was filed by any of the parties in Cause No. 11549, consequently this latter case is not before us, and the appellants' cross assignment of errors which challenge only rulings made in that case must be dismissed.

The motion to strike from the record the evidence therein relating only to Cause No. 11549 must be overruled for the reason that it seems to be inextricably intermixed with the evidence relating to Cause No. 11906, and counsel have not pointed out to us how it can be so separated that the clerk of the court below could have safely omitted that relating only to Cause No. 11549 from this record.

So ordered.

**Roberds, J.,** delivered the opinion of the court on merits.

On September 25, 1943, J. T. Williams & Company, a partnership, entered into a written contract with Mid-South Paving Company, a partnership, and Trinidad Asphalt Manufacturing Company, a corporation, under which Williams leased to the other parties certain machinery and equipment constituting a plant for the manufacture of asphalt.

On November 29, 1944, Williams filed a suit in the Chancery Court of Hinds County, Mississippi, against the lessees to recover from them the following items under that contract:

$6,013.48, damage caused by the alleged neglect and misuse of the equipment by the defendants:

$360, the amount required to repair one Hercules Diesel Power Unit made necessary because of neglect and misuse of that unit by defendants;

$365, the value of one fuel pump, and

$225, the value of one steam generator, which two articles, complainants alleged, defendants failed to return to lessor;

$1,440, estimated freight had the equipment been reshipped from Kolola Springs, Mississippi, to Demopolis, Alabama, and

$1,121.37, expense incurred by complainant in dismantling and loading the plant onto freight cars at, or near, Kolola Springs for shipment to a purchaser thereof from lessor.

After decision in the Chancery Court the case was appealed to this Court and is reported in Williams v. Mid-South Paving Co., 200 Miss. 103, 25 So. (2d) 792, 795. The cause was remanded and limited to the claimed liability for (1) repairs to the Diesel Unit, (2) failure to return the fuel pump, (3) failure to return the steam generator, and (4) for the estimated return freight charges.

After remand to the Chancery Court the cause, by agreement, was transferred to the Circuit Court. On February 12, 1947, a declaration was filed in the Circuit Court for recovery of the four items just mentioned. On the trial the jury found that defendants owed plaintiff $150 for repairs to the Diesel Unit and $75 for failure to return the fuel pump, and, pursuant to directions from the trial Judge, $496.79 for estimated amount of freight to return the property to Demopolis. It returned a verdict for defendants on the charge of failure to return the steam generator. Judgment was, therefore, entered for plaintiff against defendants for the sum of $721.79, from which defendants appeal.

The judgment was taken in favor of Mrs. Starlight B. Williams alone. It is contended by appellants that this

could not legally be done; that it is not shown that Mrs. Williams was the sole owner of the rights of lessors under the contract. The rental contract was signed in the name of J. T. Williams & Company "By J. T. Williams, One of the Partners," and recites that at that time the partnership was composed of J. T. Williams, Mrs. Starlight B. Williams and H. L. Downing. An amended bill of complaint, based upon this contract, was filed in said Chancery Court suit November 29, 1944, and it is therein recited that the partnership was then composed of J. T. Williams and Mrs. Starlight B. Williams. There was no pleading in that chancery suit challenging the right of J. T. Williams and Mrs. Starlight B. Williams to bring that suit. On September 5, 1945, the said Chancery Court entered the following order:

"Upon the suggestion made in open court of the death of J. T. Williams, one of the complainants, and that the remaining complainant, Mrs. Starlight B. Williams, is the sole legatee of the said J. T. Williams, deceased,

"It is hereby ordered and decreed that the said cause is revived in the name of Mrs. Starlight B. Williams sole complainant herein."

No point appears to have been made as to the correctness of that order.

In the opinion of this Court on said appeal it was said: "On November 29, 1944, the original bill in this cause was filed against appellees as defendants in the chancery court. J. T. Williams and Company, appellants here, complainants there, was a copartnership composed of J. T. Williams and Mrs. Starlight Williams, his wife, after purchase by Mr. Williams of the interest therein of his former partner Downing, who subsequently died. Mr. Williams later died, and the suit was revived in Mrs. Starlight Williams, his widow, sole heir at law, and executrix."

After the remand by this Court and the transfer to the Circuit Court no plea of misjoinder or non-joinder of plaintiffs seems to have been interposed. See Sections

1750, 1751, and 1459, Mississippi Code of 1942. We, therefore, conclude this contention is not well taken.

The trial judge instructed the jury to find for the plaintiff for $496.79 for return freight. The contract provides that ". . . at the expiration or earlier termination of this contract, tenant is to deliver and surrender said equipment and plant to landlord to a place to be designated by landlord, and pay return transportation on same in equal amount to the cost of transporting the same from Demopolis, Alabama, to Kolola Springs, near Columbus, Mississippi." Lessors, who are termed "landlord" in the contract, sold the asphalt plant loaded on railroad cars at or near, Kolola Springs, from which point it was shipped to the purchaser in the State of New York. Lessors, the vendors, paid no freight, and it is not shown that freight was deducted from the purchase price. Lessors did not designate any place to which the plant was to be transported nor did they make any request of the lessees to pay freight to any designated place or to return the same to Demopolis, Alabama. This provision was inserted, not as additional rent, but as reimbursement to lessors in case they had to incur transportation charges in transporting the plant to some other place. No such charge was incurred or paid. It was error, in our opinion, to allow a recovery against defendants for this item.

Appellants offered evidence, as recoupment against the demands of the plaintiff, of damage to them resulting, as claimed, from the unfit condition of the machinery to do the work, alleging a breach of the contract by plaintiff in that respect. The lower court confined that evidence to the particular items on which the suit was based as set out above. Appellants say this was error. We think the effect of the former decision by this Court was to confine the evidence to said specific items.

Plaintiff obtained two instructions telling the jurors if they believed "from the evidence" certain facts, they would find for the plaintiff, thus omitting the qualifying phrase "preponderance of" before the word evidence.

Appellants say that is reversible error. No case is cited so holding. It is true the verdict of the jury should be based upon the preponderance of the evidence, which means the superior or greater weight of the credible evidence—"evidence more convincing to the jury as worthy of belief than that in opposition thereto, or as such evidence as, when weighed with that opposed to it, has more convincing force." In other words, that evidence which, by comparison with the other evidence, has more convincing force and outweighs the other as to the probabilities. 53 Am. Jur. 555, sec. 744. And the instructions should so tell the jury. However, it is a proper assumption unless the contrary is shown, that the verdict represents the conclusion of the jury upon the comparative force and weight of the evidence. This court will not disturb that verdict, merely on the ground the evidence does not justify it, unless it is manifest it is against the great weight of the evidence. Now, the two instructions in question told the jurors their verdict must be drawn from the evidence, not from speculation, or imagination, individual opinions, or anything outside the evidence introduced before them. The verdict was their conclusion upon the comparative weight and value of the evidence. That question was necessarily inherent in their deliberations. We do not see how they could have been misled by the omission of the words "preponderance of," or similar words. However, there is authority directly on the point in this State. In the case of Transcoastal Oil Co. v. Dr. V. B. Martin, No. 33,489, on the docket of this Court, but which we have not found reported in the books, the specific question was involved. The instruction was if the jury believe "from the evidence" rather than "if the jury believe from a preponderance of the evidence." In that case, as in this, no other instruction was granted, or requested, containing the words "preponderance of," or equivalent words. That was one ground strongly argued for reversal. The Court affirmed the case through the Chief Justice without an opinion January 9, 1939.

Again, in Southern Ry. Co. v. Floyd, 99 Miss. 519, 55 So. 287, the form of the instruction, in respect to the aspect under consideration, was approved.

Summed up: An instruction containing the word preponderance, or weight, or some such synonymous phrase, descriptive of the evidence, should be given the jury for its guidance, if requested, but if not so given, we will not reserve in a civil case where the instruction given tells the jury to base its verdict upon the evidence, unless the record discloses the jury was misled, or the failure to give such instruction resulted in a miscarriage of justice. Neither result appears in this case.

Judgment will be entered here for appellee for $225.00 with interest thereon at six per cent per annum from May 10, 1947.

Affirmed in part, reversed in part and judgment here for appellee.