GUYNN, et al. *v.* BRONDUM, et al.

Apr. 13, 1953

No. 38721          27 Adv. S. 25          63 So. 2d 821

244

*Chas. S. Mitchell,* for appellants.

*O. K. Wiesenburg,* for appellees.

Lotterhos, J.

Appellee, W. C. Brondum, Jr., doing business as City Lumber and Supply Company, brought suit against appellants, Charles A. Guynn and E. S. Barton, to recover an account for merchandise sold and delivered. The litigation began in the chancery court, but was transferred to the circuit court. Declaration and answers were there filed. Subsequently, the declaration was amended to name as plaintiffs, the appellees, W. C. Brondum, Jr., and George J. Hollister, doing business as City Lumber and Supply Company. Appellees received a verdict and judgment in the amount of $575.54, from which this appeal is taken.

The evidence showed that appellees were engaged in a lumber and building supply business at Pascagoula, Mississippi; that early in May, 1950, appellant Guynn arranged for a line of credit to a partnership composed of himself and appellant Barton, under the firm name of Barton and Guynn; that appellants were operating a chicken farm at Grand Bay, Alabama; that it was agreed that purchases would be made and delivery received by W. F. Farmer, an authorized employee of appellants; that between May 9, 1950, and June 2, 1950, merchandise

to the extent of $575.54 was delivered to said Farmer, under said credit arrangement; and that payment therefor had not been made.

The principal defense was that, about the time the credit arrangement was made, appellants incorporated their chicken farm in Alabama under the name of Barton's Inc., and it was claimed that the merchandise was sold to the corporation, rather than to appellants. It was denied that appellants, individually or as partners, were indebted to appellees, except as to a small sum representing a delivery on May 9, 1950, which sum was tendered by appellants. Appellants relied on the fact that the sales slips or invoices and statements issued by appellees, except with respect to the small item of May 9, were issued in the name of Barton's, Inc. However, the original ledger page kept by appellees showed the items on the account charged to Barton and Guynn, and it was shown that no notice of the incorporation of the chicken farm was brought to the attention of appellees. They continued to deliver merchandise to Farmer, appellants' employee, under the original credit arrangement, in the belief that he was acting for appellants as partners. In fact, Farmer had become the employee of Barton's, Inc. Appellee Brondum and the witness Farmer both testified that Farmer told Brondum to mail the invoices to Barton's, Inc., P. O. Box 248, Pascagoula, Mississippi, as the correct mailing address, and that Brondum was not advised that the partnership had been taken over by a corporation. Appellee Brondum stated that he was under the impression that Barton's, Inc., was a cafeteria business which was being operated in Pascagoula by Barton and his wife; that he made out and mailed the invoices according to the address furnished by Farmer; but that he charged the merchandise on the books to the account of the party who had arranged the credit. It was not shown that appellees knew or were notified that the partnership of Barton and Guynn had been dissolved, or that a corporation had been organized and had taken

over the business. No credit was requested by the corporation, nor was it known in the transaction by appellees.

In this situation, we think that the verdict of the jury was entirely justified. ■■■ The partnership, having arranged for credit, could not avoid its responsibility by incorporating the business without bringing to the attention of the merchant the change of ownership. "The character and sufficiency of the notice of dissolution of the partnership which will relieve one from the liability for acts of his former partner done subsequent to the dissolution of the partnership depends in large part upon whether the person to whom the notice is to be given has had former dealings with the firm. Those who have had actual dealings with the firm are entitled to be given actual notice of the dissolution, or its equivalent." 40 Am. Jur., Partnership, Sec. 260, p. 309. "To all those who have previously dealt with a partnership, direct notice of dissolution or retirement must be actually given, or the knowledge thereof brought home to them." Ibid., Sec. 262, p. 311. See Polk v. Oliver, Finnie and Co., 56 Miss. 566, and Credit Industrial Co. v. Adams County Lumber and Supply Co., 60 So. 2d 790 (Miss.). In the Polk case it was stated that "having no notice, either public or private, of the changed condition of things, all men will have a right to suppose that there had been no change, and to believe that he who once openly held himself out as liable continues to be so."

Appellants assign many alleged errors in the trial. Among those argued is that appellants' request for a directed verdict should have been granted. The above summary of the facts and comments on the applicable law will serve to demonstrate that there was no error in this particular. Credit was not extended to the corporation, but to the partnership. The dealer was not put on notice that the partnership desired to terminate the credit arrangement, and that deliveries subsequently

made to Farmer would be for the account of the newly organized corporation.

Appellants next argue vigorously that two of the instructions granted to appellees (plaintiffs below) were erroneous. We have given careful study to these instructions, and conclude that, as applied to the facts of this case, they are not erroneous. The effect of the two instructions is to inform the jury that when the credit arrangement had been established by the appellants as partners, they became liable for purchases thereunder, unless they could show that the original arrangement was changed and credit extended to the corporation. The instructions may not be in the most approved form, but we are satisfied that they submitted to the jury correct principles for their guidance in this case.

■■■ Complaint is made of one of these instructions that it tells the jury ''if you believe from the evidence,'' omitting the words ''the preponderance of.'' Other instructions properly advised the jury that it was necessary for the plaintiffs to prove their case by a preponderance of the evidence. Although an instruction should contain the word preponderance, or weight, or some synonymous phrase, yet the omission of such words does not necessarily constitute reversible error. Gregory v. Williams, 203 Miss. 455, 35 So. 2d 448, and St. Louis-San Francisco Railway Co. v. Dyson, 207 Miss. 639, 43 So. 2d 95. There is no merit in appellants' assignment on this ground.

■■■ The next contention is that several instructions requested by appellants (defendants) and refused, should have been granted. The trial court correctly refused these instructions because all of them assumed as a fact that the merchandise involved was sold and delivered or was delivered to Barton's, Inc., the corporation. Such assumption is not justified by the record. The merchandise was delivered to W. F. Farmer, the authorized employee of appellants, and later the employee of the corporation. A principal question for decision in the

case was whether the merchandise delivered to Farmer, on his order, was sold to appellants as partners or to Barton's, Inc., the corporation. To instruct the jury that the deliveries to Farmer were in fact deliveries to the corporation, would in effect take that issue from the jury.

It is asserted that the court erred in declining to dismiss the suit, and in permitting a new party plaintiff to be brought in, when it developed that appellee Brondum had a partner, George J. Hollister, in the business known as City Lumber and Supply Company. It appears from the record that Brondum was the only active partner and that Hollister was in the Merchant Marine. We conclude that the court committed no error here. The nature of the cause of action was not changed, nor was a new and different cause begun, by the amendment. The original plaintiff, Brondum, remained a party, but there was added, and properly, another who had an interest in the claim in litigation. We see no reason why the court could not allow the amendment and proceed with the trial after the amendment. See American Railway Express Co. v. Roby, 129 Miss. 120, 91 So. 449, and Secs. 1457 and 1511, Miss. Code 1942. In this connection it is objected that the amendment was not properly made because no order allowing it was spread upon the minutes. This was not necessary. Sec: 1639, Miss. Code 1942. We do not deem it necessary to comment on other alleged errors.

Appellees cross-appealed, assigning as error the refusal of their request for a directed verdict in favor of plaintiffs in the sum of $575.54, which is the amount for which they obtained judgment. In view of the affirmance of this case on direct appeal, it is unnecessary to consider the cross-appeal.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.