SMITH, Justice:
This is the second appearance of this case here. The opinion of the Court on *449 the former appeal is reported in Protective Life Insurance Company v. Spears, 231 So.2d 510 (Miss.1970) in which some of the facts are set out. As stated in the former opinion, appellant sought to recover for medical and hospital expenses under a group policy of health and accident insurance issued by appellee. Appellee denied liability and defended upon the basis of a provision contained in the policy excluding coverage:
for medical care, services or supplies received or furnished in connection with, or as result of, any injury or sickness resulting from participation in, or in consequence of having participated in, the commission of an assault or a felony.
Upon retrial of the case following reversal, the jury returned a verdict for the defendant, Protective Life Insurance Company. Plaintiff Therrall Spears appeals.
Counsel for the parties entered into a lengthy stipulation of facts. This stipulation was stated directly to the jury by counsel for plaintiff-appellant, who concluded with these words defining the agreed upon issue:
It is further stipulated that the major medical provision covers the entire sum of $4,751.10 to which the exclusion applies which boils down to simply this. That if you find that he was engaged in the commission of an assault or a felony at the time of the receiving of the injury, then your verdict should be for the defendant. If you find that he was not engaged in the commission of an assault or a felony, then your verdict should be for the $4,751.15. (Emphasis added).
When both sides had rested and closed, plaintiff-appellant neither obtained nor requested of the court any jury instructions, save as to form of the verdict and that nine jurors might return it. Defendant-ap-pellee obtained several instructions, two defining assault and another defining burglary. These instructions dealt with the stipulated issues as stated to the jury by plaintiff-appellant, who, apparently, considered that the concluding statement to the jury made the issues sufficiently simple and clear as to render it unnecessary to instruct the jury further. In any event, no instructions were requested by plaintiff-appellant except as stated.
Appellant, among other things, now attacks the instructions granted appellee defining assault and burglary as being too abstract rather than as having contained an incorrect statement of the law and also contends that they were not sufficiently “tied in” with the very time he received his injuries. Two of the instructions granted defendant-appellee also are criticized as having permitted a verdict for defendant if the jury found “from the evidence” rather than from a “preponderance of the evidence” that plaintiff was wounded while committing an assault or felony. This latter contention is based upon the proposition that these were affirmative defenses as to which the burden rested with defendanNappellee to prove by a preponderance of the evidence.
In Gregory v. Williams, 203 Miss. 455, 35 So.2d 448, 451 (1948) this Court, sitting en banc, specifically dealt with the question of whether the omission of the qualifying phrase “preponderance” before the word “evidence” in a plaintiff’s instructions was or was not reversible error. The Court concluded that it was not. In the case here, the instructions dealt with affirmative defenses as to which the burden of proof rested upon the defendant. The same principle, however, applies and the omission from the instructions of the qualifying phrase “preponderance” before the word “evidence” was not reversible error for the same reasons given by the Court in support of its ruling in Gregory. Particularly is this true where no instructions whatever were requested by the party opposite dealing with the subject of the burden of proof.
The criticism that the instructions were too abstract and not sufficiently “tied *450 to” the facts of the case is also, in our view, not well taken. The statement to the jury by counsel for plaintiff-appellant of the stipulated issue: “If you find that he [plaintiff] was engaged in the commission of an assault or felony at the time of receiving the injury, then your verdict should be for the defendant. If you find that he was not engaged in the commission of an assault or a felony, then your verdict should be for the $4,751.15,” (emphasis added) makes it clear and definite that the plaintiff must have been engaged in the commission of an assault or felony “at the time of” receiving his injury in order to preclude recovery. The stipulation, stated directly to the jury in the words of counsel for plaintiff, must be considered as having sufficiently informed the jury that plaintiff was entitled to recover if he was not engaged in the commission of an assault or felony at the time of receiving the injury. Under these circumstances, the instructions, which did no more than provide the jury with proper definitions of assault and of burglary, the latter being defined as a felony, merely supplemented the instructions given the jury in counsel’s statement of the stipulated issues, and were incapable of misleading or prejudicing the jury.
Accepting, as we must, that version of the facts and circumstances in evidence which support the jury’s verdict, at the time plaintiff received his injury according to his own testimony, he was engaged in the pursuit of another person for the purpose of making an unlawful arrest for an unspecified offense. His own version of what occurred is incapable of supporting any other reasonable conclusion. There is ample proof to support a jury finding that he broke into the home, (although he says he was invited in) into which he thought the fugitive had gone, and there sustained his wound. There is testimony in the record that he kicked in the latched door and pointed his loaded shotgun at the housewife and threatened her with death unless the man he was pursuing was produced. It was at this time, according to evidence in the record, that he was shot by the woman’s husband. The conflicts in testimony were for resolution by the jury. Leaving aside the several material contradictions of appellant’s testimony by disinterested witnesses, there was ample testimony to support the jury’s verdict. Other matters assigned and argued are without merit.
The judgment appealed from is therefore affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.