341 So.2d 1327 (1977)
CAROLINA TRANSFORMER COMPANY, INC.
v.
Andy ANDERSON et al.
No. 49147.
Supreme Court of Mississippi.
February 2, 1977.
Bailey & Sadler, E. Foley Ranson, Ocean Springs, for appellants.
Binder, Lucas & Lohrmann, Jerome L. Lohrmann, Jackson, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
*1328 BROOM, Justice, for the Court.
Failure of a domestic corporation (Tranco Electric Supply Company, Inc.) to file its annual report prompted the Secretary of State to suspend the corporation from doing business. Anderson (appellee) as owner of Tranco continued to operate the business in the corporate name and from time to time obtained from Carolina Transformer Company, Inc. (appellant) additional transformers on consignment to be sold by Tranco. After Tranco's account with appellant became considerably delinquent, extending over several months, appellant sued Anderson and the corporation (Tranco) which Anderson owned. The Circuit Court of Jackson County (without a jury) heard the case and awarded appellant an $18,277 judgment against Tranco, the corporate defendant, but exonerated Anderson as an individual. Appellant argues on appeal that the lower court erred in not entering judgment against Anderson personally. We reverse.
*1329 The dispositive issue is: Under Mississippi Code Annotated § 79-3-285 (1972), is Anderson personally liable for debts incurred by Tranco Corporation subsequent to its suspension (November 20, 1973) from doing business for failure to file its annual report? § 79-3-285 provides:
All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.
Clearly, under § 79-3-189, by virtue of the suspension, Anderson's corporation (Tranco) became functionally unable to operate though it did not cease to exist.
In this context appellant argues that in placing orders for additional transformers subsequent to the suspension, Anderson was within the purview of § 79-3-285 making "[a]ll persons who assume to act as a corporation without authority so to do" liable for all debts incurred as a result thereof. Appellee's brief is based on the thesis that appellant is challenging the corporate existence of Tranco, but appellant's brief reveals no such challenge. Appellant's argument is simply that Anderson is personally liable by the clear terms of § 79-3-285.
Though not argued by appellant, we note that Anderson admitted making a trip to North Carolina to consummate a sales agreement prior to the first shipment of transformers. Although he was uncertain of the date of that meeting, Strother (appellant's president) testified that the meeting took place in December 1971. Anderson offered nothing to contradict that statement. He testified that at the time of the negotiations with Strother he (Anderson) was operating Tranco as a sole proprietorship. The company was not incorporated until some three or four months after the sales agreement was entered into. Although Anderson denied any individual liability for debts incurred through that sales agreement, his position is not consistent with the fact that at the time of the negotiations his business was a sole proprietorship.
The record shows no renegotiation with Carolina Transformer when Tranco was incorporated. Neither does it show that Carolina had any notice whatsoever that the status of Tranco ever changed from a sole proprietorship to a corporation. All of the delivery receipts and invoices introduced at the trial were made out simply to "Tranco" or "Tranco Electric Supply Company." Likewise, the statement of account filed with the declaration is prepared in the name of "Tranco Electric Supply Company." Absent any notice to Carolina Transformer of a change of identity as to Tranco, under the circumstances of this case the sole proprietor (Anderson) remained liable for credit extended to the corporation.
Guynn v. Brondum, 217 Miss. 243, 63 So.2d 821 (1953), dealt with a situation in which a credit arrangement was established with a building supply company while the Guynn business was a partnership, but which continued after incorporation. The original partners denied individual liability except debts incurred prior to incorporation. This Court said:
The partnership, having arranged for credit, could not avoid its responsibility by incorporating the business without bringing to the attention of the merchant the change of ownership. (217 Miss. at 247, 63 So.2d at 823.)
Appellee next argues that under § 75-2-201(1), a contract for the sale of goods for the price of $500 or more is unenforceable unless in writing. However, paragraph (3) of the same statute finds such unwritten contracts enforceable
(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or
(c) with respect to goods ... which have been received and accepted.
Here, Anderson admits to the making of the contract with Strother, and to the corporation *1330 owing for all of the goods itemized on the statement of account, save one. So the provisions of (3)(b) are met.
As for (3)(c), Anderson admits to receiving all invoiced items (that is, all items except the first twenty-one) on the statement of account. During the trial he was shown plaintiff's exhibits 2 and 3 and acknowledged receipt of all items, save one. § 75-2-606(1)(b) says that acceptance of goods is failure to make an effective rejection; § 75-2-602 says an effective rejection is seasonable notice to seller within reasonable time after delivery. The record does not show that such notice was given to Carolina Transformer. Therefore, it appears that the goods were received and accepted satisfying the conditions of (3)(c).
Appellee next argues that under the statute of frauds, § 15-3-1(a), Anderson cannot be held liable for the debts of another since such "special promise to answer for the debt ... of another person" was not in writing.
However, the situation contemplated by the statute of frauds is a gratuitous promise by a third party to pay a creditor for debts of the debtor. This simply is not the factual situation here. Appellant does not contend that appellee as an individual made a gratuitous promise to assume the debts of Tranco Corporation, but argues that appellee is statutorily liable.
Appellant's argument that Anderson is liable within the purview of § 79-3-285, supra, and § 79-3-189, supra, is valid upon the facts of the case. Upon suspension of its charter, Tranco, under § 79-3-189, was without "any right to exercise powers" granted it by the state. By virtue of the suspension, § 79-3-285 became operative so that any person (including its president, appellee Anderson) who would assume to act as the corporation, as Anderson did here, was "without authority so to do." Therefore, as provided in § 79-3-285, he was "liable for all debts ... arising as a result thereof." This is in accord with 19 Am.Jur.2d Corporations § 1365 (1965), and 19 C.J.S. Corporations § 895 (1940), which at page 313 says:
The liability imposed by these statutes on directors or officers who do not comply therewith is direct and primary and absolute, and not that of a surety or guarantor for the corporation.
Therefore, the case must be reversed and remanded for the lower court to determine and render judgment in appellant's favor for exactly the amount that Anderson ordered and received (from appellant) subsequent to the suspension on November 20, 1973, which is all appellant claims in its brief.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.