---

David W. Mockbee, Jones, Mockbee & Bass, Julie L. Sneed, Jackson, Miss., plaintiff-appellant.

Charles J. Mikhail, Krogstad, Johnson, Mingee & Wood, James C. Mingee, Jackson, Miss., Donald Duff, Frankfort, Ky., for defendants-appellees.

**PLM d/b/a D.D. Ballard Construction Co., Plaintiff-Appellant,**

v.

**The E. RANDLE CO. and Federal Insurance Co., Defendants-Appellees.**

No. 85–4784.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1986.

Before WISDOM, RUBIN, and HIGGINBOTHAM, Circuit Judges.

**OPINION**

PATRICK E. HIGGINBOTHAM, Circuit Judge:

We are called upon to interpret a Mississippi statute that permits corporations to resume their corporate powers after those powers have once been suspended. The parties disagree about whether the statute validates corporate acts taken during the suspension, and we are bereft of direct guidance from the Mississippi courts. After reviewing the statutory language and case law dealing with an analogous Mississippi statute, we conclude that the district court was correct in holding that Ballard

was without capacity to bring this suit when it was filed.

## I

On October 4, 1983, pursuant to Miss. Code Ann. § 27–13–27(1), the state of Mississippi suspended the rights and powers of Ballard to function as a corporation, for failure to file an annual report with the state tax commission. Unaware of the suspension, Ballard's president agreed, on October 12, 1983, to perform subcontract work on a construction project for which Randle was the general contractor. Randle knew when the contract was entered into that Ballard's financial condition was precarious. Unsatisfied with Ballard's assurances that it would be able to perform, Randle rescinded its contract with Ballard.

Ballard filed suit in state court on May 31, 1984, and Randle, relying on diversity jurisdiction, removed the case to federal court. Randle and its surety, Federal Insurance Company, filed an answer and counterclaim in late June 1984. They asserted that Ballard could not maintain its suit because Ballard filed its action while it was suspended and was therefore incapable of bringing suit under Mississippi law. In July 1984, the state lifted Ballard's suspension pursuant to Miss.Code Ann. § 27–13–27(3), which provides that such a suspension shall be set aside if, within twelve months of the date of the suspension, the corporation pays what it owes to the state and provides a satisfactory explanation of the default.[1]

After a hearing on defendants' motion for summary judgment on Ballard's claim, the district judge concluded that because a corporation's right to sue depends on a grant of power from the state, that right cannot be exercised when corporate powers have been suspended. Rejecting the argument that the state's reinstatement of Ballard's corporate powers operated retroactively, the court held that "Ballard … lacked the capacity to bring suit in its corporate name at the time this suit was filed," and granted summary judgment in favor of defendants on Ballard's claims. The district court filed the requisite certificate under Fed.R.Civ.P. 54(b), and Ballard appeals.

## II

Both sides agree that if Ballard's suspension had not been set aside by the state, it could not maintain this suit. Ballard argues, however, that § 27–13–27 validates its actions taken while its powers were suspended. Miss.Code Ann. § 27–13–27(4) reads:

> Upon the setting aside of such suspension, said organization shall be restored to all rights of which it was deprived by such suspension, and authorized to *resume all activities as though said suspension had not been imposed.*

(emphasis added). Ballard urges that the italicized language implies the principle of retroactivity and requires that the corporation be treated as though it had never been suspended. We disagree.

Ballard's reading of § 27–13–27(4) would confine the period of suspension to a warning that has no practical effect unless the corporation fails to correct its mistake within the allotted time. This reading ignores the first part of the subsection, which states that when a suspension is set aside, the corporation will be *"restored* to all rights *of which it was deprived…."* (emphasis added). The statute contemplates a restoration following an actual deprivation of rights, not the removal of a threat of deprivation.

Our interpretation is also consistent with the language Ballard relies upon. The phrase "to resume all activities as though said suspension had not been imposed" implies that those activities were interrupted and does not imply that the interruption was fictional. The phrase does not imply a retroactive dispensation from the suspension, but only suggests that the *restora-*

---

1. Subsection 27–13–27(5) provides for dissolution of the corporation unless the suspension has been set aside before expiration of the twelve-month period.

*tion* of corporate powers is complete or unconditional.

The Mississippi Supreme Court examined a similar statute, which used virtually the same language as the one at issue here, and observed that "by virtue of the suspension, Anderson's corporation ... became functionally unable to operate though it did not cease to exist." *Carolina Transformer Co., Inc. v. Anderson*, 341 So.2d 1327, 1329 (Miss.1977). The court did not reach the retroactivity issue, but stated that a corporation under suspension had no power to act as a corporation and "was without 'any right to exercise powers' granted it by the State." *Id.* at 1330.

We also note that under Ballard's reading of the statute, courts could not determine corporate authority to sue until after a suspension was set aside or the twelve-month suspension period had passed. We doubt that the Mississippi legislature intended to require courts to warehouse these cases.

### III

The parties discuss a number of cases in which other states have applied a retroactivity principle in similar situations. Many of those cases, however, deal with statutes under whose wording it is clear that the lifting of a suspension retroactively validates activities undertaken during the suspension. *See generally* Annot., 13 A.L. R.2d 1220 (1950). We have no such clear statutory language here; indeed, the wording of the statute points in the opposite direction. A contrary result is plausible, but, on balance, we are persuaded that the Mississippi courts would most likely hold that § 27–13–27(4) does not permit Ballard to maintain its suit.

AFFIRMED.