# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-60838

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2014

Lyle W. Cayce
Clerk

4 H CONSTRUCTION CORPORATION,

Plaintiff-Appellee

v.

SUPERIOR BOAT WORKS, INC.; COLLINS BRENT, doing business as
Superior Boat Works, Inc.,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CV-113

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

   4 H Construction Corporation filed suit against Superior Boat Works,
Inc., and its President, Collins Brent, for conversion arising out of a dispute for
repairs to barges belonging to 4 H.  Final judgment was entered against Brent
and Superior for damages, jointly and severally, of $17,875.  Superior's
counterclaim was dismissed because of the corporate administrative
dissolution.  Because the district court did not err, we AFFIRM.

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 09-60838

## FACTS AND PROCEDURAL HISTORY

This action stems from maritime repairs performed by Superior to two deck barges owned by 4 H in 2008. The parties dispute what was agreed upon or authorized, but repairs were made while the barges were at Superior's shipyard in Greenville, Mississippi. When Superior refused to release the barges without full payment for repairs 4 H claimed it did not authorize, 4 H filed a complaint against Superior and its president, Collins Brent, on September 5, 2008, alleging conversion. Superior answered with a denial and a counterclaim seeking damages for breach of contract, misrepresentation, and a maritime lien as security for its damages, but agreed to hold the arrest of the barges in abeyance. Superior also filed an alternative claim for *quantum meruit* and/or unjust enrichment.

A bench trial was held on June 15-16, 2009. Upon recommendation of the magistrate by findings of fact entered on September 11, 2009, the district court dismissed as moot Superior's claims of breach of contract, misrepresentation, and *quantum meruit* because Superior dissolved as a corporation in 2003. The court also found Superior and Brent liable for the conversion of both barges owned by 4 H and entered judgment against them jointly and severally for $17,875. Superior and Brent (hereinafter collectively referred to as Superior) then filed this appeal. Shortly thereafter, Superior filed for bankruptcy. Upon resolution of the bankruptcy and tax liabilities, Superior was reinstated as a corporation on December 26, 2012. On October 30, 2013, Superior filed a motion for leave with this court to file a Motion for Relief from Judgment under Rule 60 in the district court. That motion was denied. Superior is now asserting that the denial of the motion for leave was in error. Superior asks this court to grant the motion for leave and remand the case to the district court for consideration of its motion for relief from judgment

on the basis that it is now reinstated as a corporation. We decline, as the denial of the motion for leave was not in error.

## DISCUSSION

This court reviews questions of law de novo. *Woodfield v. Bowman,* 193 F.3d 354, 358 (5th Cir. 1999).

## I.     Administrative dissolution and reinstatement

Superior asserts that the district court erred in finding that it was not a viable entity and lacked standing to enter into or participate in this litigation because it was administratively dissolved at the time of judgment, but has now been reinstated pursuant to Mississippi Code section 79-4-14.22.

In its findings of fact and conclusions of law, the magistrate found that Superior was administratively dissolved by the Mississippi Secretary of State pursuant to Mississippi Code section 79-4-14.20(2) on December 30, 2003, for failure to file its annual report. The magistrate found that, upon dissolution, the corporate existence of Superior continued pursuant to section 79-4-14.21(c), but it was not authorized to carry on any business "except that necessary to wind up and liquidate its business and affairs. . . ." The magistrate further found that, pursuant to section 79-4-14.22(a), Superior had five years to reinstate the corporation and that time expired on December 30, 2008.

The lower court said that the evidence at trial showed that Superior did not begin winding up its business, but rather continued its maritime repair and construction business. While Superior had since taken steps toward reinstatement, the lower court found that reinstatement was not a given, but was rather discretionary. Specifically, the court found that, during the period relevant to this litigation, Superior was not a viable entity and did not have standing to enter into the contracts at issue. Thus, the court found that

No. 09-60838

Superior's claims for breach of contract, misrepresentation, and *quantum meruit* were moot and should be dismissed. We agree.

Superior asserts that the district court erred because the Mississippi Code was amended on July 1, 2009, to allow reinstatement at any time. Miss. Code Ann. § 79-4-14.22(a). Superior also asserts that the reinstatement relates back to the effective date of the dissolution. Miss. Code Ann. § 79.4-14.22(c)(1). Further, Superior cites Miss. Code. Ann. § 79-4-14.22(c)(2) and argues that after reinstatement, any and all liabilities incurred by Brent after dissolution, but before reinstatement, "shall be determined as if the administrative dissolution had never occurred."

The appellee, 4 H, asserts that the district court correctly applied the version of section 79-4-14.22 which was in effect throughout the litigation and the trial of this matter.

The current version of the Mississippi Code section says:

(a) A corporation administratively dissolved under Section 79-4-14.21 may apply to the Secretary of State for reinstatement at any time after the effective date of dissolution. The applicant must:

> (1) Recite the name of the corporation and the effective date of its administrative dissolution;
> (2) State that the ground or grounds for dissolution either did not exist or have been eliminated;
> (3) State that the corporation's name satisfies the requirements of Section 79-4-4.01; and
> (4) Contain a certificate from the Mississippi Department of Revenue reciting that all taxes owed by the corporation have been paid.

(b) If the Secretary of State determines that the application contains the information required by subsection (a) and that the information is correct, he shall cancel the certificate of dissolution and prepare a certificate of reinstatement that recites his determination and the effective date of reinstatement, file the original of the certificate and serve a copy on the corporation.

4

No. 09-60838

(c) When the reinstatement is effective:
    (1) The reinstatement relates back to and takes effect as of the effective date of the administrative dissolution;
    (2) Any liability incurred by the corporation, director, officer or a shareholder after the administrative dissolution and before the reinstatement shall be determined as if the administrative dissolution had never occurred; and
    (3) The corporation may resume carrying on its business as if the administrative dissolution had never occurred.

Miss. Code Ann. § 79-4-14.22.

While section 79-4-14.22(a) was amended effective July 1, 2009, to allow reinstatement at any time, the prior version allowed reinstatement only within five years and that time had expired on December 30, 2008. Superior did not seek reinstatement until after the expiration of that time. Further, the amendment to section 14.22(a) did not take effect until after the trial on this matter.

The district court correctly found that, as a matter of statutory construction, Mississippi statutes are presumed to have prospective applicability only, absent an express intent to the contrary. *Mladinich v. Kohn*, 186 So.2d 481, 483 (Miss. 1966). Also, as 4 H asserts, Superior's argument regarding the amended version of section 14.22(a) runs afoul of *PLM d/b/a D.D. Ballard Constr. Co. v. E. Randle Co.*, 797 F.2d 204 (5th Cir. 1986), which held that comparable Mississippi statutory language was nonretroactive.

Mississippi courts have held that the power of a corporation to file a lawsuit expires if the corporation is suspended. *See Funderburg v. Pontotoc Electric Power Ass'n*, 6 So.3d 439 (Miss. Ct. App. 2009). Moreover, section 79-4-14.21(f) says that a "corporation that has been administratively dissolved may not maintain any action, suit or proceeding in any court of this state until the corporation is reinstated." Miss. Code Ann. § 79-4-14.21(f). Mississippi

courts have also held that an owner of a corporation is personally liable for corporate debts and liabilities incurred after administrative dissolution where the owner played an active role in the management of the company.  *See Flanagan v. Jackson Wholesale Bldg. Supply Co.*, 461 So.2d 761, 764 (Miss. 1984); *see also Carolina Transformer Co., Inc. v. Anderson*, 341 So.2d 1327 (Miss. 1977).

Further, as the district court said, reinstatement under section 14.22 was discretionary, and not merely a routine administrative process.  The prior process involved filing an application with the Secretary of State, then, upon denial, an application to the Chancery Court, which had discretion to reinstate a dissolved corporation.  There could also be an appeal of the chancery court's decision.  As the court said, the entire process was also premised upon Superior choosing to continue with the process.  Superior admits that certain tax liabilities had to be resolved before they could pursue reinstatement.  Additionally, as asserted by 4 H, Superior was aware of its dissolved status since at least August 31, 2006, from a previous case in which Brent was held personally liable.  *Schilling Enterprises, LLC v. Superior Boat Works, Inc.*, 2006 WL 2577848, *8 (N.D. Miss. 2006).

As this court said in *PLM*: "We also note that under Ballard's reading of the statute, courts could not determine corporate authority to sue until after a suspension was set aside or the twelve-month suspension period had passed. We doubt that the Mississippi legislature intended to require courts to warehouse these cases." *PLM*, 797 F.2d at 206.  Under Superior's reading of the statute, a court would be precluded from ever deciding any matter involving a corporation that had been dissolved.  That is clearly not the case, and, for the reasons set out previously herein, the district court did not err.

No. 09-60838

## II.   Individual liability of Collins Brent

The district court found that Brent, as president of Superior and a twenty-five percent shareholder, may be held liable for the corporate torts committed by Superior, but had no authority to sue on a contract that belonged to the corporation under Mississippi law as there was no proof of any assignment.  *See* Miss. Code Ann. § 11-7-7[1]; *see also Bruno v. Southeastern Svcs., Inc.,* 385 So.2d 620, 622 (Miss. 1980).

Superior asserts that Brent cannot be individually held liable because, under the language of section 79-4-14.22(c)(2), once Superior was reinstated on December 26, 2012, any potential liability of the corporation should be determined as if Superior had never been dissolved.  Superior offers no other authority for this assertion.

4 H asserts that the district court properly found Brent individually liable under *Anderson*, 341 So.2d 1327.  We agree.  Under *Anderson*, the owner of a corporation is personally liable for corporate liabilities after the administrative dissolution if he played an active role in the corporation.  As the district court found, Brent served as president and was involved in the day-to-day management.  Accordingly, the district court did not err.

AFFIRMED.

---

[1] "Any chose in action or any interest therein, after suit has been filed thereon, may be sold or assigned the same as other property, whether such claim or any interest therein was heretofore assignable under the laws of this state or not. . . ." Miss. Code Ann. § 11-7-7.