St. Louis-San Francisco Railway Company *v.* Dyson

In Banc. Nov. 28, 1949

No. 37199 · (43 So. (2d) 95)

642

**D. W. Houston, Sr. & Jr.,** and **C. R. Bolton,** for appellant.

644

**Noel Monaghan** and **W. W. Ramsey,** for appellee.

650

**Hall, J.**

Appellee brought suit against appellant, an inter-state carrier, under the Federal Employers' Liability

Act, 45 U. S. C. A. Sec. 51 et seq., for the recovery of damages for injuries alleged to have been sustained by him while in its employment as a brakeman on one of its interstate trains. The declaration is in two counts, the first being for an accident alleged to have occurred on April 30, 1944, and the second being for an accident alleged to have occurred about two months later. Upon conclusion of all the evidence the trial court granted a peremptory instruction for appellant upon the second count, and submitted to the jury the issue of negligence raised by the first count. The jury returned a verdict in favor of appellee for $7500.00 from which the railway company appeals. No cross-appeal has been prosecuted respecting the disposition made of the second count.

Appellant's first contention is that it was entitled to a peremptory instruction on the first count. ■■ It was charged and established by appellee's proof that a switch to an interchange track at Demopolis, Alabama, was maintained in such condition that it could not be thrown without undue and great exertion, that for this reason it was not reasonably safe, and that while engaged in turning the switch in the discharge of his duties appellee was subjected to such a severe strain as to cause the rupture of a stomach ulcer, which up to that time he did not know existed. This necessitated a serious surgical operation from which appellee contends, and his proof tends to establish, he has never fully recovered. According to appellee's evidence the slots on the switch stand into which the lever fitted were worn back about one-half inch, the bridle rods connecting the bottom of the switch to the rails to be moved when turning it were held in place with brace plates that were tight on both ends, and the pointed rail did not fit against the other rail as it should, and as a result of these conditions the switch was unusually hard to turn, so much so that on a previous occasion about a week before the injury appellee was unable to turn the switch

lever with his hands and arms and was compelled to throw the weight of his body against it from his hip in order to permit the movement of cars onto the interchange track, which alleged condition he testified was then reported to the section foreman who was charged with the duty of maintaining the switch and track. Moreover, there was other evidence that the condition had existed a sufficient length of time that appellant should have known thereof by the exercise of reasonable care. In our opinion this evidence is sufficient to establish negligence in the maintenance of the switch and the case was therefore properly submitted to the jury.

However, it is further argued in this connection that it was only the duty of appellant to exercise reasonable care to keep and maintain the switch in a reasonably safe condition for use by a normal man, and that the proof is insufficient to show the probability of injury to a normal man in turning the switch. We are of the opinion that the proof was sufficient to make a jury issue of the question. The appellant obtained an instruction which told the jury that it was not liable if the switch was in a reasonably safe condition for use by trainmen generally who were charged with the duty of throwing the same and if the plaintiff's injuries were due to his weakened condition because of the stomach ulcer. It was fitting and proper that the jury should be so charged, as this was a matter solely for determination by the jury.

It is next contended that one of appellee's instructions is erroneous because it authorized a recovery of such damages as the jury "may believe from the evidence" he has sustained. The specific complaint is that the instruction should have said "may believe from a preponderance of the evidence." The rule on the burden of proof is that a party must establish the requisite facts by a preponderance of the evidence. "Preponderance" means superiority in weight, 49 C. J.

1331. █ The jury cannot believe anything from the evidence unless it is proven by the greater weight of the evidence. When facts are established by a preponderance of the evidence, then the jury may believe those facts from the evidence, and it is wholly unnecessary for an instruction to contain the word "preponderance" in such instances as are illustrated by the foregoing. See Gregory v. Williams, 203 Miss. 455, 467-468, 35 So. (2d) 448, 451, and the authorities therein cited. There is nothing misleading in this instruction and the jury in this case could not possibly have misunderstood that the evidence should preponderate in favor of appellee, for not only did appellee obtain four other instructions which used the word "preponderance" but he also obtained an instruction defining it, and appellant itself obtained an instruction that the burden of proof is upon the plaintiff to make out his case against the defendant by a preponderance of the evidence and if the jury was not satisfied from the evidence that the plaintiff has done this, then it is the sworn duty of the jury under their oaths to return a verdict for the defendant, and further that if the jury believe that the evidence in the case is evenly balanced it is their sworn duty to find for the defendant. We, therefore, find no merit in this contention.

Complaint is next made against some of the instructions for appellee in authorizing a recovery "not to exceed the amount of $55,450.00, the amount sued for". Appellant relies upon some of the Mississippi authorities which have condemned the practice of using such expressions in plaintiff's instructions and wherein excessive verdicts have been set aside because of such use. We think it proper that we here sound a note of warning to the bar of the state that verdicts obtained by this practice may be vitiated. The last case in which this question was raised in this court is General Geophysical Co. v. Brown, 205 Miss. 189, 38 So. (2d) 703, 706, where we

affirmed a verdict for plaintiff notwithstanding. the use of a similar phrase, because we there found that the damages awarded were not excessive and the instruction, as in the case at bar, authorized a verdict only "in an amount reasonable to compensate him". Again we repeat that in the practice in this state the use of such expressions endangers a verdict and may result in its reversal. The case at bar, however, is brought under the Federal Employers' Liability Act, and it is ██ ██ the rule in such cases that all matters of substantive right, as distinguished from mere matters of procedure, are determined by the applicable principles of the common law as interpreted and applied in federal courts. New Orleans & Northeastern R. Co. v. Harris, 247 U. S. 367, 38 S. Ct. 535, 62 L. Ed. 1167. See also the case of Brown v. Western Railway of Alabama, 70 S. Ct. 105.

Turning then to the federal decisions we find that in at least two cases the Supreme Court of the United States has refused to condemn a similar instruction. ██ ██ The identical point was raised in Norfolk & Western R. Co. v. Earnest, 229 U. S. 114, 33 S. Ct. 654, 656, 57 L. Ed. 1096, and it was held that "the words now criticised could only have been understood as marking a limit beyond which the jury could not go." And in Chesapeake & Ohio R. Co. v. Carnahan, 241 U. S. 241, 36 S. Ct. 594, 595, 60 L. Ed. 979, it is said: "It is also objected that the instruction 'allowed the jury to indulge in speculation and conjecture; invited their attention to the sum of $35,000, and allowed the jury to give such sum as damages as to them might "seem just and fair" without stating that the damages could be only such as were proved by the evidence to have proximately resulted from the negligent act complained of.' The objection is untenable. As we have seen, the court explicitly enjoined upon the jury that there must be a proximate and causal relation between the damages and the negligence of the company, and the reference

to the sum of $35,000 was a limitation of the amount stated in the declaration. There could have been no misunderstanding of the purpose of the instruction.'' In view of these decisions, and the further fact that we have concluded that the verdict is not so excessive as to require a reversal, we find no merit in appellant's criticism of the instructions under consideration.

██ Appellant assigns error in admitting the testimony of appellee's witness, Owens, who examined the switch long after the accident and testified as to the defects which he found therein. Appellee was present with Owens at the time of his inspection and testified that the switch was then in the same condition as it was at the time of the injury. This makes Owens' testimony competent and we find no error in its admission.

Appellant also contends that the trial court erred in permitting appellee to testify in rebuttal regarding certain statements which he says were made to him after the accident by appellant's witnesses Jones and Morgan. ██ Proper predicate was laid for the reception of this testimony in the cross-examination of Jones and Morgan. We do not see how the evidence could have been offered by appellee until after appellant had rested its case. The evidence was certainly admissible for the purpose of seeking to discredit Jones and Morgan. Furthermore, ██ trial courts are vested with wide discretion in the admission of rebuttal evidence and their actions will not be held erroneous to the extent of requiring a reversal unless the discretion was exercised to the prejudice of the opposite party. Indeed this court has held that where the question is doubtful as to ██ whether the proffered rebuttal testimony is proper the doubt should be resolved in favor of its reception provided ''(1) its reception will not consume so much additional time as to give an undue weight in practical probative force to the evidence so received in rebuttal, and (2) the opposite party would be substantially as

well prepared to meet it by surrebuttal as if testimony had been offered in chief, and (3) the opposite party upon request therefor is given the opportunity to reply by surrebuttal.'' Roney v. State, 167 Miss. 827, 150 So. 774, 776.

Error is also assigned in the granting of an instruction to appellee which recites: ██ ██ ''The court instructs the jury for the plaintiff in this case that if you believe from a preponderance of the evidence that the defendant was negligent in failing to use reasonable care to maintain the switch at Demopolis, Alabama, in a safe condition,'' etc. Technically this instruction is erroneous in that it failed to contain the word ''reasonably'' before the word ''safe''. If this were the only instruction defining appellant's duty we would feel impelled to reverse the judgment of the trial court, but we find from the record that the appellee obtained three other instructions which correctly defined appellant's duty and that appellant obtained six instructions which correctly defined it, one of which told the jury, in part: ''The court charges the jury that the defendant did not owe the plaintiff the duty to furnish him an absolutely safe switch with which to work, but only owed him the duty to exercise reasonable care to furnish a reasonably safe switch such as was and is used on standard railroads and to keep same in a reasonably safe condition.'' Appellant obtained eighteen instructions which fully covered every conceivable principle of law applicable to this case, and when we consider all the instructions as a whole, as we must presume the jury likewise did, we cannot say that the technical error in appellee's above quoted instruction was such as to mislead or misinform the jury as to appellant's duty, and we therefore find that the error is harmless and is not sufficient to require a reversal.

There are several other assignments respecting the granting or refusal of instructions, and we have carefully

examined all of these and find that they are without merit because the given instructions for appellee stated correct principles of law, and the refused instructions for appellant were incorrect and were properly refused, and, furthermore, the principles sought to be stated therein were correctly stated in other instructions which were granted to appellant. It would unduly extend this opinion to treat each of the instructions separately.

It is finally contended by appellant that the trial court erred in overruling its motion for a new trial. One point is that the verdict is so large as to shock the conscience and evince passion and prejudice on the part of the jury, and the other is that the verdict is contrary to the overwhelming weight of the evidence on the question of liability.

As to the amount of the verdict, it is not so large as to shock the conscience of any member of this court. Appellee sued for two injuries, both of which were serious and both of which required surgical operations. For both injuries we do not feel that a verdict for four times the amount awarded would have been excessive. The jury was clearly charged that they could not award any damages whatsoever for the second injury and they could not have misunderstood their duty to confine the damages to the first injury. ██ Appellee established a case as to his first injury by competent medical testimony which sufficiently supports the verdict. ██ ██ The fixing of an amount to be awarded as damages in a personal injury case is peculiarly within the province of the jury, and with its decision this court connot interfere unless the verdict is not supported by competent and credible evidence and unless it is so large as to manifest bias, prejudice and passion on the part of the jury, and, as sometimes said, to shock the conscience. This is not a case where we feel that we should encroach upon the province of the jury, and we do not feel that the verdict is beyond the bounds of reason, particularly

when consideration is given to the decreased purchasing power of the dollar.

Finally, we are unable to say that the verdict is contrary to the overwhelming weight of the evidence on the question of liability. ██ ██ Appellee testified as to specific defects in the switch, and was corroborated by his witness, Owens, an experienced trackman. Another of his witnesses, a trainman, testified that the switch was hard to throw. As against this the appellant offered several trainmen who testified that they had never noticed or encountered any difficulty in throwing the switch; it did not offer any trackman to show how the switch was installed and maintained. As is the case in almost all such suits the evidence was conflicting. The jury had the benefit of observing the demeanor of all the witnesses, and it was its sworn duty to weigh and consider all the evidence and to determine its preponderance and arrive at a just and righteous verdict. We cannot say that the verdict which it returned was contrary to the overwhelming weight of the evidence, and consequently the judgment will be affirmed.

Affirmed.