RODGERS, Justice.
Mr. and Mrs. M. E. Crawford, appellants, filed a suit against the City of Meridian, Mississippi, Stanley T. Harrill and Mrs. Helen E. Harrill, appellees, for property damages alleged to have been caused by the negligent blocking of a water drain by the City of Meridian, and the negligent filling up of a swale water drain by Mr. and Mrs. Harrill.
This case was tried at the April 1965 term of the Circuit Court of Lauderdale 'County, Mississippi, resulting in a jury verdict in favor of the defendants. Plaintiffs made a motion for a new trial and after the motion was overruled, they appealed to this Court.
The plaintiffs, appellants here, complained on appeal that the verdict of the jury was against the overwhelming weight of the credible evidence and evinced bias and prejudice on the part of the jury. It is argued that the defendants were permitted to introduce incompetent evidence; that the jury was given an erroneous instruction requiring the plaintiff to prove negligence; and that the trial court committed reversible error in refusing to permit the appellants to introduce certain rebuttal testimony to the prejudice of the plaintiffs.
I
The record reveals that the appellants became the owners of a certain residential lot and dwelling in the City of Meridian, Mississippi, on the 24th of September 1959. The dwelling faces south on 36th Street. The street runs east and west. Mr. and Mrs. Stanley Harrill own and occupy a dwelling adjoining appellants’ lot on the west side. The block in which these houses are located is bounded on the west by 40th Avenue, on the east by Highland Avenue, and on the north, back of appellants’ house, by 37th Street. At the time appellants’ house was built in 1952, 36th Street had not been paved. There was a small depression, or a swale ditch, between the property of appellants and that of Mr. and Mrs. Harrill. There was conflicting evidence as to whether or not this swale depression ran all of the way south to 32nd Street before this street was paved. The appellants contend that this ditch gathered and conveyed the surface water falling upon the property west of appellants’ lot and drained it into a ditch running east along the north boundary of 36th Street, until the swale ditch was blocked at the south end by the City of Meridian when 36th Street was paved. It was claimed that 36th Street was elevated so that the water falling on the property west of appellants’ land could not escape from the swale ditch running between the property of appellants and the property of Mr. and Mrs. Harrill, thereby causing the surface water to run onto the driveway of appellants. The appellants contend that Mr. and Mrs. Harrill made a rose bed and planted shrubbery in the drain between their properties. On the other hand, Mr. and Mrs. Harrill deny that they blocked the flow of surface water, and both defendants deny that the swale ditch drained into 36th Street before the street was paved.
Defendants, appellees, here, offered much testimony to show that the appellants’ house is located in a “natural trough”, and that the surface water naturally drains from *252 the west to the east, and from the north and east behind the home of appellants toward the back of their dwelling, and thence east and south to 36th Street.
There are many pictures in the record, and from the record as a whole, we are convinced that the jury had ample evidence on which to base a verdict in favor of appel-lees. We hold, therefore, that the evidence is not against the overwhelming weight of the testimony and does not indicate bias and prejudice on the part of the jury.
II
The appellants contend that the court wrongfully permitted the appellee, City of Meridian, to introduce into evidence a topographical map. The map was prepared by certain Photogrammetic Engineers of St. Louis, Missouri. It was offered in evidence, however, by the City Engineer. Appellants objected to the introduction of this map because, it is said, the witness, the City Engineer, did not assist in making the map. At first, the court sustained this objection, but later when the City Engineer (out of the hearing of the jury) testified that he had verified various points on the map by engineers working under his direction, and that he was satisfied that the map was correct, the court then» permitted the map to be introduced in evidence.
We are of the opinion that the topographical map was sufficiently shown to be correct by the evidence without the necessity of requiring the City of Meridian to show it to be correct by the maker of the map. Maps, like photographs, may be shown to be correct by persons who know them to be correct, although they did not prepare the maps or make the photographs. Jones v. State, 228 Miss. 296, 87 So.2d 573 (1956); 32 C.J.S. Evidence § 730(1) (1964) ; 20 Am.Jur. Evidence §§ 982-983 (1939). Moreover, the introduction of maps and diagrams in evidence is largely within the sound discretion of the trial judge. King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Barham v. Nowell, 243 Miss. 441, 138 So.2d 493 (1962); 20 Am. Jur. Evidence §§ 727-739 (1939).
III
 The contention of appellants that the trial court gave erroneous instructions to the jury, to the effect that appellants were required to show negligence on the part of the defendants before appellants were permitted to recover, is not tenable, for two reasons. (1) The appellants joined appellees in a declaration or cause of action based upon alleged negligence in the construction and pavement of 32nd Street by the City of Meridian, and the wrongful filling of the swale ditch running along the east boundary between the property of ap-pellees and the property of Mr. and Mrs. Harrill. The plaintiffs charged that as a result of the negligent actions of all of the defendants acting in concert and in combination they caused great damage to plaintiffs’ property. We are of the opinion therefore that since the plaintiffs charged the defendants with negligence, the defendants, Harrills, were entitled to an instruction defining negligence. (2) All of the instructions with reference to negligence granted by the court, with the exception of the instruction defining negligence granted to the Harrills, were granted to the appellants at their request, and therefore they cannot now complain of the instructions requested by them.
IV
Finally — it is contended by appellants that the trial court committed reversible error in not permitting the appellants to introduce as rebuttal evidence the testimony of Lacey Terry, who constructed the residence of appellants. The purpose of this testimony was to show the direction in which the water flowed from' the Harrill property at the time when the appellants’ home was built. Appellees objected to this evidence upon the ground that such evidence was not rebuttal evi *253 dence. Appellees contended that the burden was upon the plaintiffs to prove the allegations of their declaration, and since the appellees had answered the affirmative proof offered by appellants by negative proof, the plaintiffs should not then be permitted to again introduce other evidence. It should have been introduced as a part of appellants’ original evidence.
In support of their contention, appellants cited St. Louis-San Francisco Railway Company v. Dyson, 207 Miss. 639, 43 So. 2d 95 (1949); White v. Weitz, 169 Miss. 102, 152 So. 484 (1934). These cases hold, as stated in St. Louis-San Francisco Railway Company v. Dyson, supra, that “ (T) rial courts are vested with wide discretion in the admission of rebuttal evidence and their actions will not be held erroneous to the extent of requiring a reversal unless the discretion was exercised to the prejudice of the opposite party.” 207 Miss, at 655, 43 So.2d at 98. We think that this rule is clearly applicable in the instant case. The party upon whom the affirmative of an issue devolves is bound to give his evidence in support of the issue in the first instance, and will not be permitted to hold back part of his evidence and offer it in rebuttal. 53 Am.Jur. Trial § 121 (1945).
We are of the opinion that the admission of testimony offered in rebuttal in this case was within the sound discretion of the trial judge, and under the facts, here shown, the judge did not abuse his judicial discretion.
We find no reversible error in the trial of the case in the circuit court The jury had ample evidence on which to base its verdict in favor of appellees. This case, therefore, must be affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.