# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00743-COA

**WILLIE GREEN A/K/A WILLIE JOE GREEN**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                    APPELLEE

DATE OF JUDGMENT:                    05/20/2014
TRIAL JUDGE:                         HON. MARCUS D. GORDON
COURT FROM WHICH APPEALED:           LEAKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              WILLIE GREEN (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: LISA L. BLOUNT
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:             DENIED MOTION FOR POST-
                                     CONVICTION RELIEF
DISPOSITION:                         REVERSED AND RENDERED – 06/28/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    Willie Green appeals the Circuit Court of Leake County's denial of his post-conviction-relief (PCR) motion.  In his PCR motion, Green argued that although he had a previous plea agreement stating that he would not be prosecuted for any outstanding, unindicted drug offenses, he was later charged and pleaded guilty to an outstanding sale-of-cocaine offense.  He argued the sale-of-cocaine conviction should be set aside based on the State's failure to abide by the plea agreement.  The trial court found there was no evidence of the plea agreement and, consequently, held there was no merit to Green's argument.

¶2. Finding error, we reverse and render the trial court's judgment.

**FACTS**

¶3. On June 27, 2011, Green was indicted in Leake County in case 11-CR-045-LE-C for the sale of cocaine as a habitual offender and second drug offender. On the same day, he was indicted for possession of at least .1 gram but less than two grams of cocaine in case 11-CR-047-LE-C. On September 12, 2011, Green pleaded guilty as a second drug offender to the sale of cocaine in case 11-CR-045-LE-C. He was sentenced to ten years. During the same proceeding, Green also pleaded guilty as a second drug offender to possession of cocaine in case 11-CR-047-LE-C and was sentenced to a consecutive four years. According to Green's understanding of his plea agreement, corroborated by statements made by his trial attorney during the plea hearing, Green would not be indicted for any outstanding, unindicted drug cases that existed at that time.

¶4. However, on July 3, 2012, Green was indicted again in Leake County on one count of the sale of cocaine as a habitual and second drug offender in case 12-CR-096-LE-G. On August 20, 2012, Green and the State agreed, in a plea agreement, to an eight-year-sentence recommendation; however, in his discretion, Judge Marcus D. Gordon accepted Green's guilty plea but sentenced him to thirty years.

¶5. On March 31, 2014, Green filed a PCR motion contending that his indictment in case 12-CR-096-LE-G was illegal pursuant to his previous plea agreement. Green argued that there was an agreement with the State that any outstanding, unindicted drug cases would not be pursued. Evidentiary hearings were held on Green's PCR motion on May 8, 2014, and

2

May 16, 2014. Testimony was given by Green's trial attorney and the prosecutor on both cases, and neither could recall an agreement to include any unindicted cases, and neither had that information reflected in their case notes, despite Green's attorney's statements in Green's original plea hearing—that the plea agreement would include the State not pursuing indictments on any outstanding, unindicted drug cases. At the conclusion of the hearings, the trial court found that Green failed to produce evidence to support his claim and denied his PCR motion. This appeal followed.

## STANDARD OF REVIEW

¶6. "We will not disturb the trial court's denial of a motion for post-conviction relief unless the trial court's factual findings are found to be clearly erroneous." *Russell v. State*, 44 So. 3d 431, 433 (¶5) (Miss. Ct. App. 2010). "The applicable standard of review where questions of law are raised is de novo." *Id.*

## DISCUSSION

¶7. Green argues that the charge, his conviction, and the sentence for the sale of cocaine in case 12-CR-096-LE-G should be vacated because he was serving an illegal sentence based on his plea agreement to the sale of cocaine in case 11-CR-045-LE-C and to the possession of cocaine in case 11-CR-047-LE-C. Essentially, Green asserts that he had agreed to a fourteen-year sentence on the two prior charges with the understanding that he would not be indicted for any outstanding, unindicted drug cases. A little over one year after Green's initial guilty plea to the sale of cocaine in 11-CR-045-LE-C and possession of cocaine in 11-CR-047-LE-C, he was indicted on the sale-of-cocaine offense in case number 12-CR-096-

3

LE-G, pleaded guilty, and was sentenced to thirty years after the judge refused the State's eight-year recommendation. Green contends that his attorney in his first two cases told him that the other unindicted items were included in his plea agreement; therefore, he should not have been convicted in the later case.

¶8.     The State argues that any outstanding, unindicted cases were never part of Green's plea agreement. The State further argues that had that been a part of the basis for his agreement, it would have been reflected in the State's recommendation, the State's case notes, or the judge's final judgment. The State asserts that the only time the alleged agreement was mentioned was by Green's counsel during the original plea hearing. The State concludes that Green failed to demonstrate that Judge Gordon's findings of fact were clearly erroneous; therefore, his PCR motion was appropriately denied.

¶9.     This Court finds that the circuit court's factual findings were clearly erroneous; therefore, the court erred in denying Green's PCR motion.

¶10.    Green was given two separate evidentiary hearings to discuss the merits of his PCR claim. During Green's PCR hearings, Judge Gordon, who was not the trial judge for Green's first two pleas, did in fact address this issue with all concerned parties, except Green's attorney in 12-CR-096-LE-G. The prosecutor on the case had no recollection of an agreement to not indict outstanding, unindicted cases, nor did he have any notes to that effect. Green's trial attorney also could not recall the specific agreement and had no notes substantiating Green's claims. However, both attorneys did agree that this type of agreement is routinely made, and neither could dispute the statements by Green's attorney during the

4

original plea hearing on September 12, 2011. At Green's plea hearing, while discussing Green's plea agreement, Green's attorney stated:

> Yes, [y]our [h]onor, I believe there is a factual basis. I believe that Mr. Green has given his plea freely, knowingly, voluntarily and intelligently. . . . [A]s you'll hear during plea bargain, there were some unindicted charges, as well, that are being considered in giving this plea bargain, that he will not be indicted nor face those charges.

¶11. This statement was not objected to by the State, and the judge did not make any inquiry, simply replying: "All right. In giving me the recommendation of the State, I'd like to determine i[f] the plea bargain has been approved by law enforcement[.]" In addition, both attorneys stressed that because of heavy workloads neither could be one-hundred percent sure that an agreement—to not prosecute any outstanding, unindicted cases—was not part of a separate verbal agreement. Although this part of Green's agreement was not reflected in the signed plea agreement or in his final sentencing order, there was the reference by Green's attorney to the agreement during his plea hearing.

¶12. In addition, in Green's first two cases, he was indicted on June 27, 2011, for the sale of cocaine in 11-CR-045-LE-C and possession of cocaine in 11-CR-047-LE-C. The sale-of-cocaine offense was alleged to have been committed on August 27, 2010, and the possession-of-cocaine offense was alleged to have been committed on October 18, 2010. Green pleaded guilty to both charges on September 14, 2011, and began to serve his fourteen-year sentence. On July 3, 2012, he was indicted in 12-CR-096-LE-G on another sale-of-cocaine charge. The 12-096-LE-G sale-of-cocaine offense was alleged to have been committed on August 31, 2010. According to this timeline, Green was indicted over one year later for a crime that

5

was alleged to have been committed between the dates of the prior two crimes. This Court takes issue with the proposition that this subsequent charge was not contemplated at the time that Green entered into a plea agreement to the other two charges that took place before and after the charge that is the subject of this appeal. Applying Green's plea agreement, the 12-CR-096-LE-G matter would be an outstanding, unindicted drug case that existed at the time he entered his plea; therefore, it should not have been pursued.

¶13.    Although not directly on point, this Court, in *Garlotte v. State*, 915 So. 2d 460, 465-66 (¶17) (Miss. Ct. App. 2005), discussed a United States Supreme Court case that succinctly addresses the situation at hand:

> In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the United States Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, *so that it can be said to be part of the inducement or consideration, such promise must be fulfilled*." Thus, if the defendant is found to have detrimentally relied on the State's promise made pursuant to his plea, the State is bound by the provisions of that plea agreement. In *Santobello*, the prosecution agreed not to make a sentencing recommendation if Santobello pled guilty. Santobello entered the plea and it was accepted by the court. At a later sentencing hearing, a prosecutor other than the one who had negotiated the plea appeared and recommended the maximum sentence; defense counsel objected on the basis of the plea agreement. The supreme court held that the sentencing recommendation breached the plea agreement upon which the defendant had significantly relied in entering the plea. The court remanded for the state court to determine whether the appropriate relief was specific performance of the plea agreement by resentencing the defendant before another judge, or allowing the defendant to withdraw the plea.

(Emphasis added and quotations and internal citations omitted).

¶14.    This Court finds that there was sufficient evidence to show that the agreement—that Green not be prosecuted for outstanding, unindicted cases—was a provision of Green's plea

agreement and that it was proposed in open court with no opposition from the State. Similar to the premise in *Santobello*, after the State indicted Green in his subsequent case, it breached the plea agreement. Green detrimentally relied on the State's promise made pursuant to his plea; thus, the State was bound by the provisions of that plea agreement. The circuit court's factual findings were clearly erroneous based on the evidence presented. Accordingly, we reverse the judgment of the circuit court and render a judgment in Green's favor. Green's conviction for the sale of cocaine in case number 12-CR-096-LE-G is hereby set aside, and the indictment in that cause is dismissed with prejudice.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND RENDERED. THE APPELLANT'S CONVICTION IN CASE NUMBER 12-096-LE-G IS HEREBY SET ASIDE, AND THE INDICTMENT IN THAT CAUSE IS DISMISSED WITH PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**