GREENLEE, J., FOR THE COURT:
¶ 1. This is an appeal from Warren County Circuit Court stemming from a jury verdict in an asbestos-related action in which Bennie Oakes was awarded $50,000. The jury found that Oakes had $250,000 of damages, with Illinois Central Railroad Company found to be twenty percent negligent and Oakes eighty percent negligent. Following the jury verdict, Illinois *860 Central moved for a setoff of Oakes's damages, asserting that his award should be reduced by the amounts received from asbestosis trust funds and other sources for the same injury. Because the complaint was filed under the Federal Employers' Liability Act (FELA) and that act seeks to fully compensate the employee for tortious conduct, we affirm the circuit court's denial of the setoff.
FACTS AND PROCEEDINGS BELOW
¶ 2. Clara Hagan, the daughter and representative of Oakes, filed suit against Illinois Central under the FELA seeking damages for the lung cancer and death sustained by Oakes as a result of Oakes's exposure to asbestos while working for Illinois Central. Prior to and during the pendency of the complaint, Oakes or his representatives sought recovery for Oakes's lung cancer and death from others, including several asbestos trusts. Illinois Central sought to determine the exact amounts recovered by Oakes through a lengthy and difficult discovery process. The amounts recovered by Oakes or his representatives from others totaled $74,056.89 according to Illinois Central.[1]
¶ 3. The case went to trial and, on February 15, 2013, Hagan obtained a jury verdict against Illinois Central, reduced by Oakes's comparative negligence, in the net amount of $50,000. Following the verdict, Illinois Central moved for entry of the judgment and setoff of the award based on the trust payments received by Oakes and Hagan that Illinois Central unearthed through its diligent discovery.[2] On March 1, 2013, the circuit court denied Illinois Central's motion for setoff and entered the judgment of damages to Hagan of $50,000 with interest at an eight-percent rate from the date of the judgment of the jury. Illinois Central appealed the circuit court's denial of setoff to this Court.
DISCUSSION
¶ 4. Illinois Central's appeal boils down to one question: whether setoff against a jury verdict is required in FELA cases where the claimant has already settled with separate tortfeasors.
¶ 5. The standard of review for a ruling on a motion to alter or amend a judgment is abuse of discretion. Fulton v. Miss. Farm Bureau Cas. Ins. , 105 So.3d 284, 286-87 (¶ 9) (Miss. 2012). Questions of law are reviewed de novo. Green v. State , 195 So.3d 246, 248 (¶ 6) (Miss. Ct. App. 2016). "[The] FELA creates a tort remedy for railroad workers injured on the job and serves as the exclusive remedy for a railroad employee injured as a result of his or her employer's negligence." Ill. Cent. R.R. v. Brent , 133 So.3d 760, 766-67 (¶ 10) (Miss. 2013). This Court is bound to enforce the FELA as written by the Congress and interpreted by the federal courts. Id. at 767 (¶ 10). In a case brought under the FELA, all matters of substantive rights, as opposed to procedural ones, are governed by the applicable principles of the common law as interpreted and applied in the federal courts. St. Louis-San Francisco Ry. v. Dyson , 207 Miss. 639, 43 So.2d 95, 98 (1949).
¶ 6. In support of its claim that it is entitled to a setoff for an alleged settlement Hagan received from a nonparty, *861 Illinois Central cites eight cases from other jurisdictions in which the railroad employers were allowed a setoff. Schadel v. Iowa Interstate R.R. , 381 F.3d 671 (7th Cir. 2004) ; Benson v. CSX Transp. Inc. , 274 Fed.Appx. 273 (4th Cir. 2008) ; Mancini v. CSX Transp. , No. 08-CV-933, 2010 WL 2985964 (N.D.N.Y. July 27, 2010) ; Krueger v. Soo Line R.R. , No. 02-C-0611, 2005 WL 2234610 (E.D. Wisc. Sept. 12, 2005) ; Strasburg v. Union Pac. R.R. , 286 Neb. 743, 839 N.W.2d 273 (2013) ; Hess v. Norfolk S. Ry. , 106 Ohio St.3d 389, 835 N.E.2d 679 (2005) ; Seaford v. Norfolk S. Ry. , 106 Ohio St.3d 430, 835 N.E.2d 717 (2005) ; Hager v. Norfolk & W. Ry. , No. 87553, 2006 WL 3634373 (Ohio Ct. App. Dec. 14, 2006). Five of these cases, Schadel , Benson , Mancini , Krueger , and Strasburg , are immediately distinguishable from the case at hand as the setoff sought was in connection to settlement recoveries from actual parties to the employees' actions. Schadel , 381 F.3d at 673-74 ; Benson , 274 Fed.Appx. at 274 ; Mancini , 2010 WL 2985964, at *1 ; Krueger , 2005 WL 2234610, at *1 ; Strasburg , 839 N.W.2d at 276. Thus, they are inapposite to our analysis.[3] The collateral sources that settled with the claimants here are not parties to the action, nor were they attempted to be made parties to the action.
¶ 7. The remaining cases, Hess , Seaford , and Hager , involved recoveries obtained from nonparties. Hess , 835 N.E.2d at 682 ; Seaford , 835 N.E.2d at 717 ; Hager , 2006 WL 3634373, at *8-9. Seaford and Hager base their rulings solely on Hess ; thus, we proceed directly to an analysis of Hess . In Hess , the railroad sought a setoff of damages the employees recovered in their claims against asbestos manufacturers. Hess , 835 N.E.2d at 681-82. The Ohio Supreme Court's majority opinion held that neither 45 U.S.C. § 55 nor the common law collateral-source rule prohibited the employer from being credited for amounts paid in settlement by a fellow tortfeasor and allowed the railroad a pro tanto credit for the settlements. Hess , 835 N.E.2d at 686-87, 689.
¶ 8. Hess 's conclusion on the setoff issue was premised on the common-law rule of apportionment, where a partial satisfaction received from one of multiple joint tortfeasors serves to diminish the liability of the nonsettling tortfeasor. Id. at 686. The Hess court's premise overlooks the U.S. Supreme Court's rejection of the suggestion that the FELA would permit damages to be apportioned among joint tortfeasors according to the degree of fault attributable to each. Norfolk & W. Ry. v. Ayers , 538 U.S. 135, 161-65, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003). The Ayers Court found significant that Congress, while expressly directing in the FELA the apportionment of responsibility between employer and employee based on comparative fault, did not provide for such apportionment among potentially liable tortfeasors. Id. at 161, 123 S.Ct. 1210.
¶ 9. In considering the employer's assertion that the trial court erred in instructing the jury not to make a deduction from the damages awarded for the contribution of nonrailroad causes of the employees' injuries, the Ayers Court held that the FELA did not allow for apportionment of damages between railroad and nonrailroad causes. Id. at 159-60, 123 S.Ct. 1210. "Nothing in the statutory text [of the FELA] instructs that the amount of damages payable by a liable employer bears reduction when the negligence of a third party also contributed in part to the injury-in-suit."
*862 Id. at 160, 123 S.Ct. 1210. The Ayers Court declined to create new law by requiring apportionment among potential tortfeasors and determined that the FELA's express terms placed the burden of seeking contribution from other tortfeasors on the employer. Id. at 141, 123 S.Ct. 1210. This conclusion was echoed by the dissent in Hess and reaffirmed by the Missouri Court of Appeals. Hess , 835 N.E.2d at 690 ; Palmer v. Union Pac. R.R. , 311 S.W.3d 843, 855-56 (Mo. Ct. App. 2010).
¶ 10. Hess also held that the common-law collateral-source rule would not prohibit a setoff based on amounts paid in settlement by a nonparty tortfeasor. We disagree. Section 55 of the FELA specifically incorporates the interpretation of the collateral-source rule concerning insurance payments, and the Supreme Court in its Ayers language implied that a doctrine such as the collateral-source rule would be applicable. Furthermore, the common law, as here in Mississippi, has long stated that a "wrongdoer is not entitled to have the damages to which he is liable reduced by proving that [the] plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him." Coker v. Five-Two Taxi Serv. , 211 Miss. 820, 52 So.2d 356, 357 (1951). To the extent that federal law is informative on the matter, Mississippi's interpretation of the collateral-source rule has been recognized and applied by the Fifth Circuit, Johnson v. Cenac Towing Inc. , 544 F.3d 296, 304-05 (5th Cir. 2008), and acknowledged by the United States Supreme Court, The Atlas , 93 U.S. 302, 310-11, 23 L.Ed. 863 (1876).
¶ 11. Because an injured railroad employee can recover all his damages from his railroad employer if the employer's negligence caused any part of the employee's injury, and because the collateral-source rule does not allow for a defendant to avoid payment of damages based on compensation to the plaintiff from a third party that was not a party to the action, we find that an allowance of setoff for recoveries from nonparty tortfeasors is inconsistent with the FELA's intent, the statutory language, and Mississippi and U.S. Supreme Court precedent.[4]
CONCLUSION
¶ 12. We affirm the Warren County Circuit Court's denial of Illinois Central's motion for setoff.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J.

This amount is based on Hagan's supplemental answer 13 to Illinois Central's first request for interrogatories, which was an exhibit to Illinois Central's motion for "Entry of Judgment and Setoff."

We note that Illinois Central does not assert, nor do we see anything from the record demonstrating, that it contributed to any of the trusts from which Hagan received payments.

Strasburg is also inapposite to our analysis because the setoff in that case was granted under the authority of 45 U.S.C. § 55 (2012) as the employer did make payments to insurance as a direct result of the employee's injury.

The dissent would give pro tanto credit to Illinois Central for the amounts previously received from suppliers of asbestos procured through some means other than the instant lawsuit. This Court, as was the court below, is unaware of how and under what conditions those payments occurred as they were made by entities that are not parties herein. The Court does not have the necessary information to allocate damages in direct proportion to their percentages of fault. The only method to determine the issues that would surround those payments would have been to make those entities parties to this action. Had they been made parties, perhaps we would have pertinent evidence to consider or perhaps the jury and the court could have apportioned liability appropriately, with all parties involved. We decline to speculate on what a fully informed trial court or jury would have done, and, therefore, affirm the trial court's ruling.